UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCIA M. AVIS, an individual and
GERALDINE M. FOSNAUGH, an individual,

    Plaintiffs,

-vs-

                          Case No. 11-10108
                          HON. AVERN COHN

DHAFIR DALALY, an individual,
FIRST NATIONAL EXCHANGE CORP., INC.,
a Michigan Corporation, and FIRST
INTERNATIONAL EXCHANGE GROUP, INC.,
a Michigan Corporation,

    Defendants.
_____/

**ORDER**
**DISMISSING WITHOUT PREJUDICE COUNTS II, III, V, VI, and VII**
**AND**
**DISMISSING COUNT IV**

I.

This is a civil case. On May 1, 2012 and May 30, 2012, the Court held status conferences with the parties. This order memorializes the matters discussed at the conferences.

II.

The complaint (Doc. 1) contains seven (7) counts as follows:

| | |
|---|---|
| Count I | Violation of 18 U.S.C. § 1963(c) |
| Count II | Claim and Delivery |
| Count III | Reformation of Deeds, Land Contract, Mortgage and Assignment of Rents |
| Count IV | Violation of the Truth in Lending Act Under 15 U.S.C. § 1535 and § 1640 for Rescission and Damages |
| Count V | Violation of the Michigan Consumer Protection |

Act, M.C.L. § 445.901

Count VI        Fraud

Count VII       Promissory Estoppel

Counts II, III, V, VI and VII are state-law claims. Although supplemental jurisdiction exists over state-law claims under 28 U.S.C. § 1367(a), the Court may decline to exercise supplemental jurisdiction if the state-law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction," or if "there are other compelling reasons for declining jurisdiction." Id. § 1367(c)(2), (c)(4). Here, plaintiff's state-law claims substantially predominate over the federal claims over which the Court has original jurisdiction and would be more appropriately adjudicated by a state court. See § 1367(c) (1), (c)(4); Padilla v. City of Saginaw, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994). Thus, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims. Accordingly, Counts II, III, V, VI and VII are DISMISSED WITHOUT PREJUDICE. See 28 U.S.C. § 1367(c).

Count IV does not state a viable claim under 15 U.S.C. §§ 1535 and 1640. Accordingly, Count IV is DISMISSED. See Fed. R. Civ. P. 12(b)(6).

Count I, claiming a violation of 18 U.S.C. § 1963(c), is brought under the Racketeer Influenced and Corrupt Organizations Act (RICO), continues.

SO ORDERED.

Dated: May 31, 2012         S/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 31, 2012, by electronic and/or ordinary mail.
                            S/Julie Owens
                            Case Manager, (313) 234-5160

2